JUDGE DANIELS

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

MICHAEL ROSENTHAL,
an individual, and derivatively on behalf of
CONSENSUS BROKERS, LLC

          Plaintiffs,

       v.

DANIEL (DONNY) EBENSTEIN,

          Defendant,

      and
CONSENSUS BROKERS, LLC,

          Nominal Defendant.

---

**13 CV 0904**

**COMPLAINT**

RECEIVED FEB 07 2013 U.S.D.C. S.D.N.Y. CASHIERS

---

      This action by Plaintiff Michael Rosenthal, in his own capacity and derivatively

on behalf of Consensus Brokers, LLC, against Defendant Daniel (Donny) Ebenstein

asserts claims of copyright infringement, unfair competition, breach of fiduciary duty,

and for declaratory relief.  On behalf of Consensus, Rosenthal seeks relief including an

injunction enjoining Ebenstein from infringing on Consensus copyright protected works,

an order of forfeiture, declaratory judgment that Ebenstein's employment has been

terminated, disgorgement of unjust enrichment, and compensatory damages.  Plaintiff

Rosenthal seeks relief including a declaratory judgment that the Consensus members'

profit shares should be re-allocated, and compensatory damages.  In the alternative,

Rosenthal seeks an order of dissolution of Consensus Brokers, LLC.

## NATURE OF THE ACTION

1.     Plaintiff Michael Rosenthal and Defendant Donny Ebenstein are members of Consensus Brokers, LLC ("Consensus" or the "Company"), a New York limited liability company.[1]  Consensus is a consulting firm with a client roster than includes Fortune 500 companies, leading investment banks and public institutions.  Rosenthal and Ebenstein have been members since inception, and during this entire period of time, Rosenthal, and not Ebenstein, has managed the business.

2.     This action arises out of Defendant Ebenstein's surreptitious actions to establish his own competing business, using misappropriated Consensus intellectual property, copyright protected works and proprietary information.  But Ebenstein was not content merely with converting Consensus property and resources to his own benefit.  After announcing in early December 2012 that he would quit working for Consensus by year-end, Ebenstein told Rosenthal that if he did not buy out Ebenstein's interest in Consensus at an inflated price, Ebenstein would seek to dissolve the Company.  Thus, Ebenstein promotes his new venture using misappropriated Consensus intellectual property and resources, *either* with the additional proceeds from an inflated buy-out, *or* without Consensus as a competitor.

3.     Rosenthal refused to pay an inflated buy-out.  He also vowed to oppose dissolution, which would destroy the business that Rosenthal founded and has built since 1993, and would impose unnecessary hardship on Consensus's associates and its clients.  In response, in late December 2012, Ebenstein told Rosenthal that he still did not intend

---

[1] The members on occasion have referred to themselves as partners, however, at all times Consensus has been a limited liability company and has never been constituted as a partnership.

to do client work after December 31; however, he claimed that as a member of the Company, he unilaterally decided to engage in the management of Consensus. And among Ebenstein's first priorities, he warned, would be to meet with the Company's landlord to terminate its lease – and thus evicting the Company and his colleagues from their offices. Since then, Ebenstein has interfered with client conference calls, emailed important clients to report that he is leaving Consensus and likely to pursue dissolution of the Company, threatened to sue a contractor who was hired to replace Ebenstein in a client assignment that Ebenstein refused, and demanded complete access to the Company's records, including financial and confidential client information. Thus, a duplicitous employee who stole Company property and resources to form his own competing venture now claims authority to run the Company to ruin -- while promoting his own competing business.

4. On behalf of Consensus, Rosenthal seeks, among other things: (i) injunctive relief to enjoin Ebenstein from continuing to wrongfully exploit Consensus copyright works and other intellectual property and proprietary information; (ii) declaratory judgment that Ebenstein's employment with Consensus is lawfully terminated and enjoining him from purporting to represent the Company; (iii) compensatory damages, an order of forfeiture and disgorgement of unjust enrichment to compensate; and (iv) exemplary damages. Rosenthal seeks on his own behalf, among other things, (i) a declaratory judgment that, pursuant to Section 504 of the New York Limited Liability Laws, Ebenstein's member allocation of Consensus profit distributions is lawfully reduced; (ii) compensatory damages and disgorgement of unjust enrichment; or, in the alternative, (iii) dissolution of Consensus.

## THE PARTIES

5.      Consensus Brokers, LLC is a limited liability company organized under the laws of New York.  Consensus' executive office is located at 1501 Broadway, New York, New York.

6.      Plaintiff Michael Rosenthal is a member and the managing partner of Consensus.  He is a resident of the State of New York.

7.      Defendant Daniel (Donny) Ebenstein is a member of Consensus.  He is a resident of and employed within the State of New York.  Ebenstein is a lawyer, and on information and belief is admitted to practice in New York State

8.      Consensus is named as a nominal defendant.  Consensus has not been named collusively to confer jurisdiction on this Court.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over Consensus' copyright and unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over state law claims alleged herein pursuant to 28 U.S.C. §1367(a).
The Court has personal jurisdiction over Defendant Ebenstein because he is a resident of New York County, and he is employed, conducts business and maintains an office within this District.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, because Defendant Ebenstein resides and is employed within this District, and a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

## FACTUAL BACKGROUND

### A.      Rosenthal founds Consensus and later hires Ebenstein

11.     Since 1993, Rosenthal has been an entrepreneur in the New York area. During the 1990s, Rosenthal also advised clients on corporate and business strategies through a wholly-owned consulting company, CBI Consulting Corp. ("CBI").

12.     Ebenstein is an attorney.  Ebenstein had worked abroad from 1995 to in or around 2000, when he planned to return to the United States to provide negotiation consulting and training services.

13.     Rosenthal and Ebenstein have known each other for many years.  In or around 2000, Rosenthal proposed that CBI retain Ebenstein to provide negotiation consulting and training to CBI's corporation clients.  Ebenstein accepted CBI's offer, and joined CBI as a consultant.

14.     In or about January 2005, CBI extended an offer to Ebenstein to become an equity holder.  Ebenstein accepted the offer.  Rosenthal and Ebenstein reconstituted the consulting business as Consensus, a limited liability company organized under Section 203 of the New York State Limited Liability Company Law.  Rosenthal and Ebenstein comprised the initial members of the Company.

### B.      The organization and management of Consensus

15.     The Consensus Articles of Organization were filed with the New York Department of State on or about January 13, 2005.  An operating agreement was never executed.

16.     At the time they organized Consensus, CBI provided financing for its initial operations.  Rosenthal and Ebenstein agreed that each member would contribute

sweat equity of full-time employment to the Company. In turn, they agreed that they would equally share in the Company's distribution of profits.

17.     In addition to profit distributions, Rosenthal and Ebenstein agreed that they would be paid equal salaries. They agreed to set salaries below market value to preserve the Company's cash liquidity. In addition, because their salaries were relatively modest, they expected that the Company's net profits, and its distributions to members, would be higher. On that basis, Rosenthal and Ebenstein agreed and understood that their combined compensation, salary and profit shares, would reflect the value of their full-time employment.

18.     Under the Consensus Articles of Organization, the Company is to be managed by one or more members.

19.     Rosenthal and Ebenstein agreed at inception that Rosenthal would manage the Company, and he holds the title Managing Partner. Throughout the Company's history, Rosenthal has managed the business and operations of Consensus; staffed client assignments; overseen the Company's financial, banking and accounting matters; invoiced clients and collected receipts; recorded and paid the Company's payroll; negotiated and managed the Company's office lease and its telecommunications, computer and other office equipment; and tracked and paid vendor invoices. In addition, Rosenthal has sourced new clients and maintained relations with existing clients. Rosenthal also is the Director of the Company's Consulting practice, and has been engaged by clients for consulting assignments, workshop and other organizational instruction, and individual executive coaching sessions.